IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TFC PARTNERS INC. d/b/a NFC AMENITY MANAGEMENT, § § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 1:19-cv-58 |
| STRATTON AMENITIES, LLC, GS RIO, LP d/b/a SEVEN APARTMENTS, SVF NORTHSHORE AUSTIN, LP d/b/a NORTHSHORE APARTMENTS, GREYSTAR REAL ESTATE PARTNERS, LLC, GREYSTAR MANAGEMENT COMPANY, JOLYNE D. SHEPARD, BENJAMIN F. ROBERTS, and SAIRA ESCAMILLA RUIZ § § § § § § § § § § § | |
| Defendants. § | |

## SUPPLEMENTAL DECLARATION OF ROBERT CANCEL

I, Robert Cancel, certify as follows:

1. I am the Chief Operating Officer ("*COO*") with TFC Partners, Inc. d/b/a NFC Amenity Management ("*NFC*" or "*Plaintiff*") in the above-captioned matter and a Co-Founder of NFC. In my role as COO, I oversee all aspects of NFC's day-to-day operations, including client relations, strategic planning, management effectiveness, personnel, and best practices. I declare that the factual allegations contained herein are true and correct, based on the best of my knowledge, information and belief, and on information I received from others on reasonable inquiry.

2. I make this Supplemental Declaration in further support of Plaintiff's Application for Temporary Restraining Order against defendants Stratton Amenities, LLC ("*Stratton*"), GS Rio, LP d/b/a Seven Apartments ("*Seven*"), Greystar Management Company and Greystar Real Estate Partners, LLC (collectively, "*Greystar*"), SVF Northshore Austin, LP d/b/a Northshore

Apartments ("***Northshore***"), Jolyne D. Shepard ("***Shepard***"), Benjamin F. Roberts ("***Roberts***"), and Saira Escamilla Ruiz ("***Ruiz***") (collectively, "***Defendants***").

3. On or about January 22, 2019, NFC, through its counsel Peterpaul Law, LLP, retained the services of Lighthouse Document Technologies, Inc. ("***Lighthouse***") to perform data collection and forensic analysis services of electronically-stored information in connection with this matter.

4. On January 23, 2019, NFC's counsel provided Lighthouse with a list of former NFC employees (the "***Custodians***") whose NFC e-mail accounts were believed to possess electronically-stored information relevant to NFC's claims in this action, as well as the NFC company e-mail addresses utilized by each Custodian during their employment with NFC.

5. NFC employees worked in coordination with Lighthouse to export the archived NFC emails for each Custodian to Lighthouse via PST files.  Lighthouse then searched the archived NFC e-mails for each Custodian using search terms and date ranges provided by NFC with input from Lighthouse (the "***Forensic Search***").

6. The Forensic Search yielded 3,528 documents, consisting of e-mails and attachments sent to/from the Custodians' NFC e-mail accounts.

7. Lighthouse uploaded the 3,528 search results to an online document review database and provided NFC's counsel access to the database on Saturday, January 26, 2019.

8. The Forensic Search revealed that, at or about 10:47 a.m. on Friday, November 23, 2018, Shepard's last day of employment with NFC, Shepard forwarded two emails with attachments containing NFC's trade secret and highly confidential financial information from her NFC company e-mail address (jshepard@nfcamenity.com) to her personal e-mail address (jolyneshepard@gmail.com).  The attachments contain profit and loss statements and general ledger reports for all nine of the Austin NFC properties managed by Shepard.  Attached hereto as Exhibit 46 is a true and accurate copy of Shepard's November 23, 2018 e-mail forwarding NFC's financial information to her personal e-mail address.  Attached hereto as Exhibit 47 and Exhibit 48 are appropriately redacted versions of the attachments to Shepard's November 23, 2018 e-mail.

9. Shepard had no legitimate business reason to forward highly sensitive financial information of NFC to her personal e-mail address, especially given that the e-mail was sent on her last day of employment with NFC. Both NFC's Employee Handbook and Shepard's non-compete agreement, which states that Shepard shall not "use said [trade secret] information on his or her own behalf or disclose same to any third party," prohibit Shepard from forwarding NFC's trade secret information. Appl. for TRO Ex. 1 [Dkt. No. 7-3]; *id.* Ex. 2 [Dkt. No. 7-4].

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Robert Cancel

Dated: January 28, 2019